## UNITED STATES BANKRUPTCY COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
## Miami Division
### www.flsb.uscourts.gov

Case No.: 22-15158 RAM
Chapter 11

In re:

**Belle Meade Studios, LLC**

                Debtor.

_____/

### U.S. TRUSTEE'S MOTION TO CONVERT OR DISMISS CASE

The United States Trustee for Region 21 (the "UST") respectfully submits this Motion to Convert or Dismiss the Chapter 11 case of Belle Meade Studios, LLC (the "Debtor") pursuant to 11 U.S.C. § 1112(b), and in support thereof states as follows.

### RELEVANT BACKGROUND

1. On July 1, 2022, the Debtor filed a voluntary petition for relief under chapter 11 (ECF 1).

2. According to the Case Management Summary the Debtor owns and operates commercial and residential real property. (ECF 17).

3. On April 20, 2023, the Court approved a settlement between the Debtor and the City of Miami which provided for the demolition of certain structures on the real property owned by the Debtor as well as the resolution of the remaining code compliance issues on the remaining structure (ECF 81).

4. On August 25, 2022, the Court approved Debtor's Motion to Approve Post petition financing, which provided for the borrowing of $4,615,000 (ECF 41).

5. On March 28, 2023, the Debtor filed an Amended Monthly Operating Report for the period ending August 31, 2022, which included the detailed disbursements from the approved $4,615,000 refinancing (ECF 80).

6. As a result of the filing of the Amended Monthly Operating Report for the period ending August 31, 2022, the Debtor owes Quarterly Fees to the United States Trustee pursuant to 28 U.S.C. Section 1930 in the estimated amount of $38,958.11, which mount is delinquent and remains outstanding. Until such time that all reports are filed, the amount of fees due cannot be accurately determined.

7. The Debtor has not filed a Plan or Disclosure Statement in this case and the exclusive period has expired.

8. The Debtor has failed to file operating reports due for February 2023 though and including April 2023.

**ARGUMENT**

I. **DISMISSAL OR CONVERSION OF THE CASE IS APPROPRIATE.**

Dismissal or conversion of Chapter 11 cases are governed by Section 1112(b) of the Bankruptcy Code, which provides that a bankruptcy court shall convert or dismiss a case, whichever is in the best interests of creditors and the estate, if the movant establishes cause. *See* 11 U.S.C. § 1112(b). The term "cause" is not defined by the Bankruptcy Code, but Section 1112(b)(4) lists sixteen (16) examples of cause which justify dismissal or conversion including, but not limited to, the following:

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
(B) gross mismanagement of the estate;

2

>(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
>(E) failure to comply with an order of the court;
>(F) unexcused failure to satisfy timely any filing or reporting requirement established by [the Bankruptcy Code] or by any rule applicable to the case under [Chapter 11];
>(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
>(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
>(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
>(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
>(K) failure to pay any fees or charges required under chapter 123 of title 28;
>(L) revocation of an order of confirmation under section 1144;
>(M) inability to effectuate substantial consummation of a confirmed plan;
>(N) material default by the debtor with respect to a confirmed plan;
>(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
>(P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

11 U.SC. § 1112(b)(4).  The examples set forth in this subsection are meant to be nonexclusive.

*See In re Global Shipments, LLC*, 391 B.R. 193, 204–05 (Bankr. S.D. Ga. 2007).

In this case, the record supports a finding of cause, at a minimum, under Sections 1112(b)(4)(F) (J) and (K).

The case has been ending for eleven (11) months and the Debtor has failed to file a Plan and Disclosure Statement. The Debtor has also failed to file operating reports for three months and is delinquent in payment of Unites States Trustee Fees.  Therefore, pursuant to 11 U.S.C. § 1112(b) in general as well as Sec. 1112(b)(4)(F)(J) and (K), the above detailed actions alone are sufficient cause for dismissal or conversion of a Chapter 11 case. The UST reserves the right to present additional examples and evidence for cause to dismiss or convert this case at a hearing to consider this matter.

In the event the Debtor contests the motion, the United States Trustee reserves the right to supplement this motion and provide additional grounds in support conversion of this chapter 11 case.

**WHEREFORE**, based upon the foregoing, the UST respectfully requests that this Court enter of an order dismissing the case with prejudice or converting the case and grant such other further relief as may be just and proper.

        Respectfully submitted,

        Mary Ida Townson
        United States Trustee, Region 21

        /s/
        Steven D. Schneiderman
        Trial Attorney

Office of the U.S. Trustee
51 SW First Street, Room 1204
Miami, Florida 33130
(305) 536-7285

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the attached **U.S. TRUSTEE'S MOTION TO CONVERT OR DISMISS CASE was** sent via CM/ECF to those parties denoted by an * and via U.S. Mail, properly addressed and with correct postage to the following:

- **Patricia M Arias**    parias@miamigov.com, esq874@aol.com
- **Joshua C Kligler**    joshua.kligler@dunnlawpa.com, rbasnueva@dunnlawpa.com;lrodriguez@dunnlawpa.com
- **James B Miller**    bkcmiami@gmail.com
- **Scott Alan Orth**    scott@orthlawoffice.com, notices@orthlawoffice.com,eservicesao@gmail.com
- **Alexis S Read**    asr@alexisreadlaw.com, asr@readlawpllc;alexis.read@dunnlawpa.com
- **Patrick S Scott**    patrick.scott@gray-robinson.com
- **H Michael Solloa**    mxs@trippscott.com, bankruptcy@trippscott.com;hbb@trippscott.com

Done this the 24th day of May 2023.

I hereby certify that I am admitted to the Bar of the State of Illinois and I am excepted from additional qualifications to practice in this Court pursuant to Local Rules 9011-4 and 2090(1)(C)(3) pertaining to attorneys representing the United States government.

/s/
Steven D. Schneiderman
Trial Attorney